```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**ROBERT W. BLANKENSHIP,**

        **Plaintiff,**

v.                                                    **ACTION NO: 2:04cv776**

**CITY OF PORTSMOUTH,**
**PORTSMOUTH SHERIFF'S DEPARTMENT,**
**and SHERIFF GARY WATERS,**

        **Defendants.**

## OPINION and DISMISSAL ORDER

This case is before the court on defendants Portsmouth Sheriff's Department ("Sheriff's Department") and Sheriff Gary Waters' ("Waters") motions to dismiss pursuant to Federal Rule of Civil Procedure (12)(b)(6). For the reasons stated below, defendants' motions to dismiss are **GRANTED**.

### I.  Factual and Procedural History

Plaintiff, Robert W. Blankenship ("Blankenship"), is a 63-year-old male who lives in Chesapeake, Virginia. (Compl. pg. 2). Plaintiff became an auxiliary deputy sheriff for the Sheriff's Department in 1999. (Compl. pg. 2). As an auxiliary deputy sheriff, plaintiff received training in firearms, apprehension, and management. (Compl. pg. 2). After plaintiff completed his training, he was assigned to the criminal apprehension unit. On or about January 28, 2004, plaintiff was advised that he was being removed from the criminal apprehension unit due to his age.

(Compl. pg. 2). Plaintiff was not immediately reassigned. (Compl. pg. 2). Eventually he was reassigned to checking on the well-being of elderly residents in Portsmouth. (Compl. pg. 2). On February 4, 2004, plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") that he had been discriminated against on the basis of his age. (Compl. pg. 3). Thereafter, on May 26, 2004, plaintiff's supervisor, Colonel William Facenda ("Facenda"), sent a letter to plaintiff stating that his appointment as an auxiliary deputy sheriff was being revoked. The letter stated that the appointment was being revoked because plaintiff had secretly taped a conversation with a superior officer. (Pl.'s Response Ex. A).

Plaintiff filed suit against defendants on December 28, 2004. In the complaint, plaintiff alleges that defendants discriminated against him on the basis of age and retaliated against him for opposing an unlawful employment practice, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff also claims defendants violated the Virginia Human Rights Act ("VHRA"), Va. Code Ann. §§ 2.2-2639 (2004). On January 31, 2005, defendant City of Portsmouth filed a motion to dismiss on several grounds. On February 7, 2005, plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), dismissing the City of

Portsmouth as a defendant.  On February 9, 2005, the Sheriff's Department and Waters filed joint motions to dismiss.  Plaintiff filed a response on March 10, 2005.[1]  On March 30, 2005, defendants filed a late reply accompanied by a motion to enlarge time to file a reply.  The court **GRANTS** defendants' motion for leave to file a reply brief.  On May 23, 2005, the court held a hearing regarding the motions to dismiss.  At the hearing the court took the motions to dismiss under advisement and granted the parties until the close of business on May 25, 2005, to submit any further filings.  Neither party made additional filings.  Defendants' motions to dismiss are now ripe for review.

## II.  Analysis

Under a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint should not be dismissed unless it appears to a certainty that the non-moving party, in this case the plaintiff, cannot prove any set of facts in support of its claim that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court must take facts in the complaint to be true and view all allegations in the light most favorable to the non-moving party, in this case the plaintiff.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507, U.S. 163, 164 (1993).

---

[1] On March 4, 2005, plaintiff was granted an extension until March 10, 2005, to file a response.

**A.  Portsmouth Sheriff's Department**

Defendant, Sheriff's Department, argues that there is no such legal entity as the Portsmouth Sheriff's Department, and as such the Sheriff's Department is not subject to suit.  Plaintiff agrees that the Sheriff's Department is not a public agency and that the Sheriff's Department should be dismissed.  Upon agreement of the parties, defendants' motion to dismiss the Portsmouth Sheriff's Department is **GRANTED**.

**B.  Claims Under the ADEA**

Defendant Waters argues that the suit should be dismissed because plaintiff was not a member of the class of people protected by the ADEA and plaintiff suffered no adverse employment action. At a threshold level, the court must determine whether plaintiff was a member of the protected class.  Specifically, defendant contends that plaintiff's claim under the ADEA should be dismissed because plaintiff is not an employee.  While § 623(a)(1) does not explicitly reference the term "employee," a "plain reading of the ADEA indicates that an 'individual' only has a cause of action under this provision if he is an 'employee' at the time of his termination."  Garrett v. Phillips Mills, Inc., 721 F.2d 979, 980 (4th Cir. 1983) (internal citations omitted).

Defendant argues that plaintiff is not protected by the ADEA, because plaintiff is a volunteer, not an employee.  The ADEA defines employee as "an individual employed by any

employer . . . ." 29 U.S.C. § 630(f). The Fourth Circuit, in Haavistola v. Community Fire Co. of Rising Sun, 6 F.3d 211 (4th Cir. 1993), examined whether volunteers were excluded from being employees. In Haavistola, a former volunteer of the Community Fire Company of Rising Sun ("Fire Company") sued the Fire Company under Title VII for sex discrimination. While the volunteer was not paid wages, she did receive other monetary benefits mandated by Maryland law, such as a state-funded disability pension, survivors' benefits for dependants, scholarships for dependants upon death or disability, group life insurance, tuition reimbursement for training, and numerous other state-mandated benefits. See id. at 221 (citing Haavistola, 812 F. Supp. 1379, 1386-88 (D.Md. 1993)). The Fire Company claimed that the Haavistola plaintiff was not an employee, because she was a volunteer.[2]

The court in Haavistola looked to two prior cases, Garrett and Graves v. Women's Professional Rodeo Ass'n, 907 F.2d 71 (8th Cir. 1990), in determining who is an employee. In Garrett, the court analyzed whether the individual, who was directly compensated in commissions, was an employee or an independent contractor. The Garrett court emphasized that where the individual received monetary compensation, whether the individual was an employee or

---

[2] The court in Haavistola was interpreting the meaning of "employee" under Title VII. However, in so doing, the court noted that the "operative language in ADEA is identical to the operative language in Title VII, so the analysis utilized under either act is interchangeable." Haavistola, 6 F.3d at 219 fn. 2 (internal citations omitted).

independent contractor depended upon the employer's control over the individual. See Garrett, 721 F.2d at 981-82. In contrast, in Graves, the Eighth Circuit analyzed whether the roster of the Women's Professional Rodeo Association ("WPRA") constituted a list of employees. The court looked to the dictionary definition of employee and concluded that "an employer is someone who pays, directly or indirectly, wages or a salary or other compensation to the person who provides services — that person being the employee." Graves, 907 F.2d at 73 (emphasis added). Garrett is not applicable to the case at bar, because, unlike the plaintiff in Garrett, Blankenship was not paid any wages. Graves becomes the operative case here as in Haavistola.

Virginia is a "Dillon Rule" state. Under the Dillon Rule, local governing bodies exercise only "those powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable." City of Virginia Beach v. Hay, 518 S.E.2d 314, 316 (Va. 1999). There is no legislative authorization in Virginia for localities to pay wages to an auxiliary police force, only authorization to "make such appropriations as may be necessary to arm, equip, uniform and maintain such auxiliary police force." Va. Code Ann. §15.2-1732 (2004). As such, no benefits are authorized or accrue to an auxiliary deputy sheriff under Virginia law outside of the

accoutrements of the trade,[3] and plaintiff has alleged none, such as a state-funded pension, survivor's benefits, scholarships, or any other direct or indirect remuneration.[4]

Because plaintiff received no monetary benefits or other compensation from his position as a volunteer auxiliary deputy sheriff, as was mandated in Maryland to the "volunteer" firefighters in Haavistola, see 6 F.3d at 221, he does not qualify as an employee under the ADEA. Plaintiff has failed to state a claim for relief, and defendant's motion to dismiss on the ground

---

[3] These accoutrements of the trade are the equipment, training, and uniforms provided by the Sheriff's Department. Plaintiff's counsel so admitted at the May 23, 2005, hearing, and acknowledged that there were no other benefits or compensation that accrued to plaintiff in this case, except a per diem reimbursement for actual expenses incurred while on duty, which was not alleged in the complaint or other court filings.

[4] There is a provision in the Virginia Worker's Compensation Act, Va. Code Ann. § 65.2-101, et seq., to pay "minimum compensation" to an auxiliary deputy sheriff injured on the job if, "the governing body of such political subdivision . . . has adopted a resolution acknowledging such volunteer . . . auxiliary . . . deputy sheriffs . . . as employees for the purposes of this title." Va. Code Ann. § 65.2-101. Portsmouth has apparently passed such a resolution acknowledging auxiliary deputy sheriffs as employees for purposes of the Worker's Compensation Act. See Portsmouth City Council Minutes, Sept. 25, 1990, available at http://www.portsmouth.va.us/scripts/LFWebLink.exe/weblinkcityclerk/browser.html?doc=521&ID=&NAME=Minutes%2009_25_1990&TOTAL=&cid=-112378934. However, plaintiff has not alleged in his complaint, other court filings, or at the hearing on the motion to dismiss that plaintiff was covered by worker's compensation. No further filing after the hearing has been submitted by plaintiff, and the court raised the issue during the hearing and allowed for further submissions. See supra at 3. Even if plaintiff had alleged he was covered by worker's compensation for job-related injuries, it appears that this coverage, coupled with only the accoutrements of the trade, does not rise to the level of benefits or other compensation recognized in Haavistola.

that plaintiff is not an employee under the ADEA is **GRANTED**.

**C. Claims Under Title VII**

Plaintiff claims that he was discriminated and retaliated against in violation of Title VII. Title VII makes it unlawful for an employer to discriminate on the base of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff's complaint does not allege that he was discriminated or retaliated against on the basis of the protected characteristics delineated in Title VII. Plaintiff only alleges that he was discriminated and retaliated against on the basis of age. Plaintiff's complaint fails to state a claim under Title VII.

Additionally, like the ADEA, Title VII also requires that an individual seeking relief be an employee. Title VII's definition of employee is the same as the ADEA's in all relevant respects and the analysis to determine whether an individual is an employee is the same under both the ADEA and Title VII. Haavistola, 6 F.3d at 219 fn. 2 (internal citations omitted). Thus, where plaintiff fails to qualify as an employee under the ADEA,[5] he also fails to qualify as an employee under Title VII. Accordingly, plaintiff's claims under Title VII are **DISMISSED**.

---

[5] See supra Part II.B.

8

**D. Claims Under Virginia Human Rights Act**

Plaintiff claims that he was discriminated against in violation of the VHRA. The Act makes it the policy of the Commonwealth to protect individuals from various types of discrimination, including discrimination on the basis of age. See Va. Code Ann. § 2.2-3900 (2004). It creates a cause of action for persons discriminated against when the employer has more than five, but fewer than fifteen employees. See id. at § 2.2-2639 (B) & (C). The Act expressly extinguishes all other state law causes of action based on policies reflected in the Act. See id. at § 2.2-2639(D).

Virginia courts have consistently held that a plaintiff does not have a cause of action under the VHRA unless the conditions of § 2.2-2639(B) and (C) have been met. The Virginia Supreme Court, in answering a certified question of law, answered that § 2.2-2639(D) prohibits a common law cause of action based upon the public policies reflected in the Act. See Doss v. Jamco, Inc., 254 Va. 362, 372 (1997). In a later case, the Virginia Supreme Court reiterated the principle that § 2.2-2639(D) of the VHRA was intended by the General Assembly to limit actions based on the policies reflected in the Act. See Conner v. National Pest Control Assoc., Inc., 257 Va. 286, 289 (1999). As a result, plaintiff does not have a claim under the Act, unless defendant has more than five employees, but fewer than fifteen, as set out in § 2.2-2639(B)-(C). At the hearing on the motions to dismiss, defendant stated that it

had hundreds of employees; plaintiff thereafter agreed with this statement. As a result, plaintiff does not have a claim under the VHRA because his claim does not fall under the special provisions of subsections B and C and any other claim is disallowed by subsection D. Accordingly, defendant's motion to dismiss the VHRA claim is **GRANTED**.

### III.  Conclusion

For the above-stated reasons, defendant Portsmouth's Sheriff's Department's motion to dismiss is **GRANTED**. Defendant Sheriff Waters' motion to dismiss the ADEA, Title VII, and VHRA claims is **GRANTED**. The Clerk is **DIRECTED** to send a copy of this Opinion and Dismissal Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/Rebecca Beach Smith
_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 1, 2005